**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

HURST BOILER & WELDING
COMPANY, INC.,

     Plaintiff,

v.

EVANSTON INSURANCE
COMPANY,

     Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NO.: 7:25-CV-51 (LAG)

## <u>AMENDED SCHEDULING AND DISCOVERY ORDER</u>

Before the Court is the Parties' Joint Motion to Extend Case Deadlines (Motion) (Doc. 41). Therein, the Parties seek to extend the case deadlines and participate in mediation on July 15, 2026. (*Id.* ¶ 10). The Parties represent that they diligently conducted discovery and are at the disclosure of expert phase with a delay in expert reports. (*Id.* ¶¶ 11–16). Nothing suggests that any party will be prejudiced by an extension, rather the Court finds good cause to grant the extension to allow Parties to further negotiate and complete disclosures.

The Parties' Motion (Doc. 41) is **GRANTED**. The Court hereby **ORDERS** that the deadlines in the original Scheduling and Discovery Order (Doc. 17) are extended through and including the following dates:

1. Defendant must disclose the identity of any expert witness on or before **Friday, July 31, 2026**.

    Any rebuttal must be submitted within **thirty (30) days** after the other party's disclosure. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

2. Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before **Monday, August 31, 2026**.

No additional supplemental reports may be disclosed or provided after this date without leave of Court.

3. Requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

4. Fact discovery shall be completed by **Friday, October 16, 2026**. If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

5. All dispositive motions must be filed no later than **Tuesday, December 1, 2026**.

6. Motions challenging the qualification(s) of any expert witness to offer opinion testimony raised under *Daubert* or Federal Rules of Evidence 104(a), 702, or 703, shall be filed no later than:

   a. **Tuesday, December 1, 2026**, if related to a dispositive matter; or

   b. **Fourteen (14) days after notice of the pre-trial conference is entered**, if related to a nondispositive matter. If necessary, the motion will be heard at the pre-trial conference.

7. Before moving for an order relating to discovery, such as motions to compel or contested motions for protective orders, the movant must contact Marcia Alvarez Benavidez, Courtroom Deputy, at Marcia_AlvarezBenavidez@gamd.uscourts.gov to request a telephonic conference with the Court. *See* Fed. R. Civ. P. 16(b)(3)(B)(v). When contacting the Courtroom Deputy, the email should include a concise statement of the issue(s) and a summary of each party's position.

8. Should a party determine that there is a basis to file a motion to compel, a request for a conference must be made by email to the Courtroom Deputy within **twenty-one (21) days** of date on which the response(s) would be due under the Federal Rules of Civil Procedure, or within **twenty-one (21) days** of receipt of an allegedly unresponsive/inadequate response/production, and not later than **twenty-one (21) days** after the close of discovery, whichever occurs first.

2

9. If any party requests a modification to the Scheduling and Discovery Order, including a request for an extension of time for filing motions, pleadings, responses, or other documents, beyond that granted by the Clerk or his deputy when permitted without leave of Court, the party must do so by written motion no later than **five (5) days before the expiration** of any extension granted by the Clerk or before the expiration of the time period sought to be extended, whichever applies. This motion shall state why an additional extension is needed. However, prior to requesting an extension of any deadline set forth in the Scheduling and Discovery Order, counsel for the parties shall confer regarding the proposed extension. The motion should indicate whether the non-moving party consents or objects to the requested modification. Despite any extension or modification that may be granted, the parties are directed to act expeditiously in a good faith effort to complete discovery as scheduled.

10. All evidence produced by a party in response to a discovery request made under the Federal Rules of Civil Procedure is deemed to be authenticated, and no other proof of authentication for admission at trial is necessary unless the producing party specifically notes in writing and contemporaneously with production of the evidence to the requesting party the grounds for waiver of or objection to the presumption of authentication. Initial discovery disclosures produced under Rule 26(a) of the Federal Rules will not be deemed authenticated unless designated in response to a discovery request. Substantive objections are not waived by said production.

Furthermore, the curative disclosures regarding the expert report by Plaintiff's expert satisfies the Fed. R. Civ. P. 26 defect. (Docs. 37, 39). Accordingly, the Motion for Extension of Time to Disclose Expert and Exclude (Doc. 37) is **DENIED** as moot.

   **SO ORDERED**, this 11th day of June, 2026.

       /s/ Leslie A. Gardner
       **LESLIE A. GARDNER, CHIEF JUDGE**
       **UNITED STATES DISTRICT COURT**